**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Ave., Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Naomi B. Spector, Esq. (SBN: 222573)
naomi@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs*,
Christopher and Monique Perkins

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER AND MONIQUE PERKINS,** <br><br> Plaintiffs, <br><br> v. <br><br> **COMENITY BANK,** <br><br> Defendant. | **Case No.:** '15CV2386 LAB KSC <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE:** <br><br> I. **TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.;** <br><br> II. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32.** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to: the number of personal bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy.

2. In addition, the Telephone Consumer Protection Act ("TCPA") was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. CHRISTOPHER AND MONIQUE PERKINS ("Plaintiffs"), by Plaintiffs' attorneys, bring this action against COMENITY BANK ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Mr. Perkins, to Plaintiffs' detriment.

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiffs, or to the Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

5. Unless otherwise stated, all of the conduct engaged in by Defendant took place in the State of California.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). In addition, this Court also has jurisdiction of Plaintiffs' supplemental State claims pursuant to 28 U.S.C. § 1367.

9. This action arises out of Defendant's violations of (i) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*; and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

10. Because Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside in San Diego, California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

12. Plaintiff Christopher Perkins ("Mr. Perkins") is a natural person who resides in San Diego, California from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). Plaintiff Monique Perkins ("Ms. Perkins", or collectively with Mr. Perkins, "Plaintiffs") is a natural person who resides in San Diego, California from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing.

13. On information and belief, Defendant is a company operating from Columbus, Ohio.

14. Defendant, in the ordinary course of business, regularly, on behalf of itself or

others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiffs were individuals residing within the State of California.

17. On information and belief, at all times relevant, Defendant conducted business in the State of California.

18. Mr. Perkins allegedly incurred a financial obligation to Express, that was money, property, or their equivalent, which was due or owing, or alleged to be due or owing.

19. Plaintiffs take no position with regard to the validity of the alleged debt.

20. The alleged debt was financed by Defendant.

21. At the time the alleged debt was incurred, Mr. Perkins did not have the same cell phone number that he presently has, ending in 0785. In addition, at no time did Mr. Perkins provide the cell phone number of Ms. Perkins, ending in 0784, in connection with the alleged debt.

22. Beginning in or about mid-2014, Defendant began contacting Plaintiffs on their cell phone numbers in an attempt to collect the alleged debt.

23. The calls to Plaintiffs' cell phone numbers include, but are not limited to, calls received at the following dates and times: (1) May 6, 2015 at 8:07 p.m.; (2) May 23, 2015 at 3:41 p.m.; (3) June 3, 2015 at 3:51 p.m.; (4) June 29, 2015 at 4:46 p.m.; (5) July 9, 2015 at 6:07 p.m.; (6) July 13, 2015 at 9:17 a.m.; (7) July 29, 2015 at 8:54 a.m.; (8) August 2, 2015 at 8:01 a.m.; (9) August 2,

2015 at 8:02 a.m.; and (10) October 7, 2015 at 8:06 p.m.

24. The calls included at least one call prior to 8 a.m., and at least one call on a Sunday.

25. On numerous occasions, Ms. Perkins asked Defendant to cease contacting Plaintiffs. Despite these requests, the calls continued.

26. During one such call, Ms. Perkins informed Defendant that her husband was receiving disability, and that they would not be able to pay at that time. Ms. Perkins reiterated her request that Defendant cease contacting her on her cell phone number. Defendant's agent responded by harassing Ms. Perkins, including by stating that Plaintiffs "just did not care" and by raising his voice.

27. Through this conduct Defendant violated Cal. Civ. Code §§ 1788.11 and 1788.17.

28. Furthermore, Defendant used an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) to make its calls to Plaintiffs in conjunction with an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). Among other things, Plaintiffs received voicemail messages from Defendant on their cell phones, which used a prerecorded or "robo" voice.

29. In addition, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

30. Plaintiffs did not provide their cellular telephone number to Defendant through any medium at any time.

31. Defendant lacked "prior express consent" to utilize an ATDS or predictive dialer to contact Plaintiffs on Plaintiffs' cellular telephones.

32. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT I
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

33. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

35. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## COUNT II
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

36. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

38. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT III
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

40. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

///

41. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

42. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of statutory damages of $500.00, pursuant to 47 U.S.C. § 227(b)(3)(B) and as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1);
- An award of statutory damages of $ 1,500.00, pursuant to 47 U.S.C. § 227(b)(3)(B) and as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1);
- An award of injunctive award prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A); and
- Any and all other relief that this Court deems just and proper.

///

///

///

**TRIAL BY JURY**

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: October 20, 2014                               Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Abbas Kazerounian___
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF